IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY PLASTICS, INC., as Plan Administrator, | )<br>)<br>) |
| Interpleader Plaintiff, | )  Civil Action No. 2:24-cv-00697 |
| v. | )<br>)<br>) |
| WALTER MILTON YOST II, and | )<br>) |
| DENISE CAROLINE GARGASZ-MUELLER. | )<br>)<br>) |
| Interpleader Defendants. | ) |

## INTERPLEADER COMPLAINT

Plaintiff Allegheny Plastics, Inc. ("Allegheny Plastics" or "Administrator") by its counsel, Dentons Cohen & Grigsby P.C., files this Interpleader Complaint against Defendants Walter Milton Yost II ("Yost") and Denise Caroline Gargasz-Mueller ("Gargasz-Mueller"), stating as follows.

## PARTIES

1. Plaintiff Allegheny Plastics is the Administrator of an employer-sponsored defined contribution plan within the meaning of Section 3(34) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(34) (the "Plan"), and has been authorized by the Plan's Trustees to initiate litigation on behalf of the Plan pursuant to Section 502(a)(3) of ERISA, 29 USC § 1132(a)(3). The Administrator is a fiduciary of the Plan as defined in 29 U.S.C. 1002(21)(A). The Plan is administered by Allegheny Plastics at 1224 Freedom Road, Cranberry Township, Pennsylvania 16066.

2. Upon information and belief, Defendant Yost is an individual who resides at 710 Beaver St., Sewickley, Pennsylvania 15143.

3. Upon information and belief, Defendant Gargasz-Mueller is an individual who resides at 9020 St. Lucia Drive, Naples, Florida 34113.

## JURISDICTION AND VENUE

4. This action arises under ERISA, 29 U.S.C. §§ 1001-1461, and the federal interpleader statute, 28 U.S.C. § 1335.  Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

5. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1397 because the Plan is administered in this district and Defendant Yost resides in this district.

## FACTUAL BACKGROUND

6. The Plan is a qualified retirement plan commonly referred to as a "401(k)" Plan, that was adopted to provide employees of Allegheny Plastics with an opportunity to save for retirement on a tax-advantaged basis.  A copy of the Plan is attached hereto as Exhibit A.

7. Defendant Yost is a former executive of Allegheny Plastics who retired in 2014.

8. Through his employment at Allegheny Plastics, Yost is a participant in the Plan.

9. Currently, Yost's account with the Plan contains a vested account balance of $544,840.37 (the "Plan Benefits").

10. The Administrator, as the claims fiduciary, must administer claims for benefits under the Plan in accordance with ERISA and the documents and instruments governing the Plan.  29 U.S.C. § 1104(a)(1)(D).

11. Pursuant to the Plan's governing documents, as the participant in the Plan, Defendant Yost is entitled to take a distribution of his Plan Benefits at any time following his retirement, at his election.

12. The Plan's governing documents also state that all benefits provided to a participant in the Plan shall be subject to the rights afforded to any alternate payee under a qualified domestic relations order.

13. Defendant Yost and Defendant Gargasz-Mueller were formerly married, but divorced in 2023.

14. On January 5, 2024, Defendant Gargasz-Mueller made a claim for the Plan Benefits to Voya Financial, Inc. ("Voya"), the Plan's third-party administrator, and presented Voya with a Qualified Domestic Relations Order and a related Judgment from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.  A copy of Defendant Gargasz-Mueller's claim to Voya, along with the Qualified Domestic Relations Order and Final Judgment Against Garnishee Voya Financial, Inc. is attached hereto as Exhibit B.

15. The Qualified Domestic Relations Order designates Defendant Gargasz-Mueller as an "Alternate Payee" under the Plan.

16. Voya then forwarded that claim for the Plan Benefits to the Administrator, as it cannot pay out any Plan Benefits without the Administrator's authorization.

17. On February 6, 2024, Defendant Gargasz-Mueller made a claim for the Plan Benefits to the Administrator.  A copy of Defendant Gargasz-Mueller's claim to the Administrator, along with copies of her enclosures to the claim, including a December 28, 2023 Final Judgment Against Garnishee Voya Financial, Inc.; a June 12, 2023 Money Judgment for

3

Property Payments; and a June 9, 2023 Stipulation for Money Judgments, is attached hereto as Exhibit C.

18. On April 11, 2024, Defendant Yost made a claim for the Plan Benefits.

19. In his claim, Defendant Yost alleged that Defendant Gargasz-Mueller waived any rights and interests to the Plan Benefits in a Marital Settlement Agreement, and indicated that Defendant Gargasz-Mueller was claiming entitlement to the Plan Benefits pursuant to a postnuptial agreement between the Defendants that was voided *ab initio* by the Court of Common Pleas of Allegheny County, Pennsylvania on July 19, 2023. A copy of Defendant Yost's claim, along with the Marital Settlement Agreement and the Final Judgment of Dissolution of Marriage included therein, and a copy of the July 19, 2023 Order are attached hereto as Exhibit D.

20. The Plan has been made aware that Defendant Yost's children have petitioned the Court of Common Pleas of Allegheny County, Pennsylvania to have Mr. Yost adjudicated incapacitated and appoint emergency and permanent plenary guardians of his person and estate, and that through the personal guardian there will likely be a challenge to the Orders entered in the Florida Circuit Court on the basis of Mr. Yost's incapacity. That guardian proceeding is pending at *In re Walter M. Yost*, No. 2702 of 2024 (Orphans' Court Div., Allegheny County Ct. of Common Pleas).

## **COUNT ONE:  JOINDER FOR INTERPLEADER**

21. Section 502(a)(3) of ERISA, 29 U.S.C. 1132(a)(3), allows an Administrator to file a civil action for equitable relief such as interpleader to enforce the terms of the Plan.

22. Additionally, the federal interpleader statute, 28 U.S.C. § 1335, provides that two or more adverse claimants asserting an entitlement to money or property may be joined in an interpleader action.

23. The Plan is faced with two competing claims for the Plan Benefits from Defendants Yost and Gargasz-Mueller.

24. The Plan has received from the Defendants, as well as from Counsel from Mr. Yost's children in connection with a prior Orphans' Court proceeding involving Defendants Yost and Gargasz-Mueller, multiple different Orders from Florida and Pennsylvania Courts which purportedly affect who is entitled the Plan Benefits and the Plan cannot ignore one court's order in favor of another.

25. The Plan and the Administrator have discussed the claims and cannot determine the proper recipient of the Plan Benefits without incurring the risk of potentially being in contempt of a Court order and being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple liabilities.

26. As a mere stakeholder, the Plan has no claim to the Plan Benefits, and is ready and willing to pay the Plan Benefits, in accordance with the terms of the Plan, to whichever Defendant or Defendants is legally entitled to them.

WHEREFORE, the Administrator respectfully requests the following relief:

(a) That the Court require the Defendants to interplead and determine who is entitled to the Plan Benefits;

(b) That the Court restrain the Defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Plan Benefits until further order of this Court;

(c) That the Plan be discharged of any and all liability to the Defendants relating to the Plan Benefits upon payment of the Plan Benefits into the Court, or otherwise as the Court directs;

(d) That the Plaintiff recover its costs and attorney's fees in connection with this action; and

(e) Any other relief that the Court deems just and proper.

                                                           Respectfully submitted,

                                                           DENTONS COHEN & GRIGSBY, P.C.

                                                           By: /s/Lucy E. Hill
                                                               Lucy E. Hill
                                                               lucy.hill@dentons.com
                                                               625 Liberty Avenue
                                                               Pittsburgh, PA  15222-3152
                                                              (412) 297-4900

                                                               *Attorneys for Interpleader Plaintiff*
                                                               *Allegheny Plastics, Inc.*

Dated:  May 9, 2024